IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| MARY DICAPRIO, individually and on behalf of all others similarly situated, | : : | No. 2:07-cv-00734 |
| Plaintiff, | : : : | |
| vs. | : : | JURY DEMAND |
| MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS HOLDINGS, INC., WAL-MART STORES, INC., a Delaware Corporation d/b/a WAL-MART SUPER CENTER STORE NO. 2287, | : : : : : : : : : | (CLASS ACTION) |
| Defendants. | : | |

## DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants, MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS

MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS

HOLDINGS, INC., (hereafter referred to as "MENU FOODS"), move this Court to stay all

proceedings in this action, pending a transfer decision by the Judicial Panel on Multidistrict

Litigation ("JPML") pursuant to U.S.C. §1407 and pending a determination of class certification

by the transferee court pursuant to Federal Rules of Civil Procedure 23(d)(1). In support thereof,

Defendants set forth the following:

{D0270729:1}

## I. INTRODUCTION

Currently, there are at least ninety-three (93) actions that seek relief for individuals who purchased allegedly contaminated pet food from MENU FOODS. Federal courts have original jurisdiction over these state and common law based actions pursuant to the Class Action Fairness Act of 2005. 28 U.S.C. §1332(d). Specifically, the pending cases allege that MENU FOODS sold contaminated pet food to the general public and individuals whose pets consumed this pet food sustained injuries and/or death. The pending cases seek to certify a class of United States' residents who purchased allegedly contaminated pet food and seek to compensate them for all damages incurred as a result of Defendant's conduct. None of the pending cases are advanced and no discovery has been conducted. The actions are currently pending in the Western District of Washington, Eastern District of Tennessee, Northern District of Illinois, Western District of Wisconsin, Western District of Arkansas, District of New Jersey, Middle District of Florida, Northern District of Florida, Southern District of Florida, District of Connecticut, Central District of California, District of Rhode Island, District of Maine, Northern District of California, District of Nevada, District of Idaho, Northern District of Ohio, District of Minnesota, District of Colorado and District of Massachusetts.

### A.     Pending MDL Motions

On March 30, 2007, three (3) separate motions for transfer and coordination or consolidation pursuant to 28 U.S.C. §1407 were filed by three (3) different plaintiffs. Plaintiff Shirley Sexton filed the first MDL motion, seeking to transfer her case and numerous other cases involving alleged injuries and/or death arising out of the purchase and/or consumption of pet food manufactured by Defendants to the Central District of California. *See* Plaintiff Sexton's

MDL Motion attached hereto as Exhibit "A." Plaintiff Christina Troiano filed the second MDL motion, seeking transfer to the Southern District of Florida. *See* Plaintiff Troiano's MDL Motion attached hereto as Exhibit "B." Plaintiffs Tom Whaley, Stacey Heller, Toinette Robinson, David Rapp, Cecily and Terrance Mitchell, Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Barbara Smith, Michelle Suggett and Don James, filed their MDL motion to transfer the cases to the Western District of Washington. *See* Plaintiff Whaley's MDL Motion attached hereto as Exhibit "C."

On April 5, 2007, plaintiffs Jayme Pittsonberger, David Carter and Jim Bullock filed their motion for transfer and coordination or consolidation pursuant to 28 U.S.C. §1407, to transfer the cases to the District of New Jersey. *See* Plaintiff Pittsonberger's MDL Motion attached hereto as Exhibit "D." Lastly, on April 10, 2007, plaintiffs Jared Workman, Mark and Mona Cohen, and Peggy Schneider (the "Workman Group") filed their motion for transfer and coordination or consolidation pursuant to 28 U.S.C. §1407, to transfer the cases to the District of New Jersey. *See* Plaintiff Workman's MDL Motion attached hereto as Exhibit "E."

On April 12, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Notice of Hearing Session for May 31, 2007, to consider the MDL motions ("Collectively known as MDL 1850 - *In re Pet Food Products Liability Litigation*). The JPML panel held a hearing on the pending MDL motions on May 31, 2007 and should issue its decision shortly. *See* April 12, 2007, Notice of Hearing Session attached hereto as Exhibit "F." On April 19, 2007, Defendant filed its MDL response, agreeing that consolidation is appropriate. *See* Defendants' MDL motion, attached hereto as Exhibit "G" and Defendants' MDL Memorandum, attached hereto as Exhibit "H."

Several U.S. District Courts have granted Defendants' motions to stay all proceedings pending the JPML's transfer decision. On April 25, 2007, the U.S. District Court for the Central District of California granted an order to stay all proceedings pending the JPML's transfer decision, pursuant to a stipulation by the parties. *See* Stipulation and Order to Stay (C.D. Cal 2007 - 1), attached hereto as Exhibit "I." On April 26, 2007, the U.S. District Court for the Southern District of Florida granted Defendants' motion to stay all proceedings, pending the JPML's transfer decision. *See* Order Granting Motion to Stay (S.D. of Florida 2007), attached hereto as Exhibit "J." On April 27, 2007, the U.S. District Court for the Western District of Arkansas granted Defendants' motion to stay all proceedings, pending the JPML's transfer decision. *See* Order Granting Motion to Stay (W.D. Ark. 2007), attached hereto as Exhibit "K."

On May 2, 2007, the U.S. District Court for the District of New Jersey, similarly granted the Defendant's motion to stay all proceedings in the following twenty-nine (29) cases: Jared Workman, et al., v. Menu Foods Limited, et al. (07-CV-01338-NLH); Suzanne Thomson, et al., v. Menu Foods Limited, et al. (07-CV-01360-NLH); Larry Wilson, et al., v. Menu Foods Limited, et al. (07-CV-01456-NLH); Paul Richard, et al., v. Menu Foods Limited, et al. (07-CV-01457-NLH); Linda Tinker, et al., v. Menu Foods Limited, et al. (07-CV-01468-NLH); Janice Bonier, et al., v. Menu Foods Limited, et al. (07-CV-01477-NLH); Julie Hidalgo, et al., v. Menu Foods Limited, et al. (07-CV-01488-NLH); Alexander Nunez, et al., v. Menu Foods Limited, et al. (07-CV-01490-NLH); Mark Golding, et al., v. Menu Foods Limited, et al. (07-CV-01521-NLH); Troy Gagliardi, et al., v. Menu Foods Limited, et al. (07-CV-01522-NLH); Kami Turturro, et al., v. Menu Foods Limited, et al. (07-CV-01523-NLH); Peggy Schneider, et al., v. Menu Foods Limited, et al. (07-CV-01533-NLH); Leslie Berndl, et al., v. Menu Foods Limited, et al. (07-CV-01553-NLH); Jayme Pittsonberger, et al., v. Menu Foods Limited, et al. (07-CV-

01561-NLH); <u>David Carter, et al., v. Menu Foods Limited, et al.</u> (07-CV-01562-NLH); <u>Jim Bullock, et al., v. Menu Foods Limited, et al.</u> (07-CV-01579-NLH); <u>Christina Johnson, et al., v. Menu Foods Limited, et al.</u> (07-CV-01610-NLH); <u>James Conner, et al., v. Menu Foods Limited, et al.</u> (07-CV-01623-NLH); <u>Matt Long, et al., v. Menu Foods Limited, et al.</u> (07-CV-01624-NLH); <u>Chantelle Conti, et al., v. Menu Foods Limited, et al.</u> (07-CV-01638-NLH); <u>Steven Freeman, et al., v. Menu Foods Limited, et al.</u> (07-CV-01646-NLH); <u>Karen Pirches, et al., v. Menu Foods Limited, et al.</u> (07-CV-01685-NLH); <u>Diana Diedrich, et al., v. Menu Foods Limited, et al.</u> (07-CV-01700-NLH); <u>Todd Sokolwski, et al., v. Menu Foods Limited, et al.</u> (07-CV-01709-NLH); <u>Michele McCullough, et al., v. Menu Foods Limited, et al.</u> (07-CV-01710-NLH); <u>Steve Colquitt, et al., v. Menu Foods Limited, et al.</u> (07-CV-01738-NLH); <u>Luke Debarathy, et al., v. Menu Foods Limited, et al.</u> (07-CV-01739-NLH); <u>Loren Byers, et al., v. Menu Foods Limited, et al.</u> (07-CV-01747-NLH); and <u>Lynne Carestio, et al., v. Menu Foods Limited, et al.</u> (07-CV-01762-NLH). *See* Order Granting Motion to Stay (D.N.J. 2007), attached hereto as Exhibit "L."

On May 8, 2007, the U.S. District Court for the District of Colorado granted an order to stay all proceedings pending the JPML's transfer decision. See Order Granting Stay (Dist. of Colorado 2007), attached hereto as Exhibit "M." On May 9, 2007, the U.S. District Court for the District of Rhode Island granted Defendants' motion to stay all proceedings, pending the JPML's transfer decision. *See* Order Granting Stay (Dist. of Rhode Island 2007), attached hereto as Exhibit "N." Also on May 9, 2007, the U.S. District Court for the District of Nevada granted an order to stay all proceedings pending the JPML's transfer decision. *See* Order Granting Stay (Dist. of Nevada 2007), attached hereto as Exhibit "O." On May 18, 2007, the U.S. District Court for the District of Connecticut granted an order to stay all proceedings pending the JPML's

transfer decision.  See Order Granting Stay (Dist. Of Connecticut 2007), attached hereto as Exhibit "P."

Finally, on May 22, 2007, the U.S. District Court for the Central District of California granted Defendant's Motions to Stay in two additional cases.  See Order Granting Stay (C.D. Cal. 2007 - 2), attached hereto as Exhibit "Q," and Order Granting stay (C.D. Cal. 2007 - 3), attached hereto as Exhibit "R."  Also on May 22, 2007, the U.S. District Court for the Western District of Arkansas granted Defendant's motion to stay all proceedings, pending the JPML's transfer decision.  See Order Granting Stay (W.D. of Ark. 2007 - 2), attached hereto as Exhibit "S."

**B.    Instant Case**

On April 29, 2007, Plaintiff filed a multi-count class action complaint in the Court of Common Pleas of Lawrence County, Pennsylvania, alleging that Plaintiff's pet sustained injuries as a result of the purchase and/or consumption of pet food manufactured by MENU FOODS. *See* Plaintiff's Complaint attached hereto as Exhibit "T."  On May 30, 2007 Menu Foods filed a Notice of Removal to the U.S. District Court for the Western District of Pennsylvania pursuant to the Class Action Fairness Act.

## II.  SUMMARY OF ARGUMENT

A stay of all proceedings in this action pending a transfer decision by the JPML is necessary to promote judicial economy and avoid undue prejudice to the parties.  Due to the pending MDL motions, a stay of proceedings in this case is necessary and appropriate to further the interests of judicial economy.  This Court should not unnecessarily use its resources and time to supervise pre-trial proceedings and make rulings in a case, which may shortly be transferred to

another district court and/or judge for further pre-trial proceedings. Additionally, since all the actions are in the beginning stages of litigation and the Judicial Panel will be hearing the MDL motions on May 31, 2007, no prejudice or inconvenience will result from entry of a stay. *See* Exhibit "D." On the other hand, absent a stay, MENU FOODS will be substantially prejudiced if they are required to duplicate efforts and expend significant resources defending multiple cases in jurisdictions around the country. For the reasons herein stated, Defendants respectfully move this Court for an order staying all proceedings in this case pending a transfer decision by the JPML.

### III.  ARGUMENT

Numerous courts have stayed proceedings pending determinations by the MDL Panel of the appropriateness of coordination under Section 1407. *See, e.g., Gonzalez, v. American Home Products, Corp.,* 223 F.Supp.2d 803 (S.D.Tex. 2002); *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.,* 2002 WL 31114069 (N.D. Tex. Sept.23, 2002); *Moore v. Wyeth-Ayerst Laboratories,* 236 F.Supp.2d 509, 511 (D. Md. 2002); *Kohl v. American Home Prods. Corp.,* 78 F. Supp. 2d 885 (W.D. Ark. 1999); *Republic of Venezuela v. Philip Morris Companies, Inc., et. al.,* 1999 WL 33911677 (S.D. Fla. 1999); *Rivers v. The Walt Disney Co.,* 980 F. Supp. 1358 (C.D. Cal. 1997); *American Seafood, Inc. v. Magnolia Processing,* 1992 WL 102762 (E.D. Pa. May 7, 1992); *Arthur-Magna, Inc. v. Del-Val Fin Corp.,* 1991 WL 13725 (D. N.J. Feb. 1, 1991); *Rosenfeld v. Hartford Fire Ins. Co.,* 1988 WL 49065 (S.D. N.Y. May 12, 1988); *Portnoy v. Zenith Laboratories,* 1987 WL 10236 (D.D.C. Apr. 21, 1987). It is "incidental to the power inherent in every court to control the disposition of the cases on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). Guided by the "policies of justice and efficiency," this Court should exercise its

discretion to stay all further proceedings in this action pending the MDL Panel's action. *Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788, *1 (E.D. La. Feb. 24, 1995).

When considering a motion to stay, the Court typically considers three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Rivers,* 980 F.Supp. at 1360. In the case *sub judice*, each enumerated factor favors a stay. Thus, this Court should stay all proceedings pending a transfer decision by the Judicial Panel.

**A.    Judicial Economy Mandates a Stay Pending a Transfer Decision by the Judicial Panel.**

Considerations of judicial economy weigh heavily in favor of a stay. First, the express language of 28 U.S.C. §1407 provides that civil actions may be transferred for coordinated or consolidated pretrial proceedings to "promote the just and efficient conduct of such actions." 28 U.S.C. §1407. Second, it is well settled that in the class action context that when similar actions are proceeding in different courts, courts may stay proceedings pending the outcome of the other case. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3D §1792* (2005); *Knearem v. Bayer Corp*, 2002 WL 1173551, 1 (D. Kan. 2002) (granted motion to stay to purported class action which was one of more than two hundred pending federal cases, nearly half of which were purported class actions). Here, a stay of proceedings pending a transfer decision by the MDL is necessary and appropriate to achieve the judicial economies that underlie §1407 and class actions.

Defendants reasonably anticipate that the Judicial Panel will grant an MDL for the following reasons. First, courts have consistently held that the Judicial Panel will transfer cases to eliminate the possibility of inconsistent class determinations. *In re CertainTeed Corp.*

*Roofing Shingle Prods Liab. Lit.*, 2007 WL 549356; *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Lit.*, 398 F. Supp. 2d 1371 (Jud. Pan. Mult. Lit. 2005); *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Lit.* 398 F. Supp.. 2d 1365 (Jud. Pan. Mult. Lit. 2005); *In re Roadway Exp. Inc. Employ. Pract. Lit.*, 384 F. Supp. 612 (Jud. Pan. Mult. Lit. 1974). Absent a transfer of these cases to a single forum for coordinated and consolidated pretrial proceedings, there is a substantial risk of inconsistent and/or conflicting pretrial rulings on discovery and other key issues, such as class certification. Second, discovery with respect to the Defendants' conduct in each of the actions proposed for consolidation will be substantially similar and will involve the same and/or similar documents and witnesses. Third, efficiency in the administration of justice will be served by consolidation, because one judge rather than multiple judges can supervise all pretrial proceedings and render rulings that are consistent. Fourth, based on the nationwide distribution of Defendants' pet food, many additional cases may be filed before the statute of limitations expires.

Absent a stay, the Court loses the potential efficiencies that would be gained by having pretrial issues, particularly with respect to issues of class certification, decided by a single court. In *Gonzalez v. American Home Products, Corp.,* consumers brought a product liability action against manufacturers and distributors of phenylpropanolamine (PPA) to recover for physical injuries sustained as a result of exposure to PPA. *Gonzalez,* 223 F.Supp.2d at 804. In granting defendants' motion to stay pending a decision of the MDL Panel, the Court held that "[j]udicial economy and consistency of results dictate that this key issue be decided once, not countless times." *Gonzales*, 223 F.Supp.2d at 805.

Like *Gonzalez,* the interests of judicial economy and consistency warrant a stay here. Without a stay, this Court will be required to expend its time and resources familiarizing itself

with the intricacies and complexities of this complicated products liability litigation that may be transferred to another court. Alternatively, if the Judicial Panel assigns the case to this Court, each ruling and action taken by this Court may affect other cases without giving the attorney handling those cases an opportunity to provide input to the Court. Clearly, if these cases are not stayed, many issues particularly with respect to class certification, will have to be revisited by the Court assigned to the cases by the Judicial Panel. Thus, the continuation of this case will result in duplicative and unnecessary efforts by this Court and the parties if this action proceeds forward before the Judicial Panel has an opportunity to rule.

Additionally, if a stay is not granted and this case proceeds forward, the Court's rulings potentially could be reconsidered after coordination. "The pretrial powers of the transferee court include the powers to modify, expand, or vacate earlier discovery orders." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 489 (J.P.M.L. 1968). In *Kohl v. American Home Prods. Corp.*, a consumer brought a products liability action against manufacturers, distributors and sellers of the pharmaceutical drugs, fenfluramine and phentermine, to recover for injuries allegedly caused by the drugs. *Kohl,* 78 F. Supp. 2d at 887. In granting defendants' motion to stay pending the transfer of the case to the MDL Panel, the Court held that judicial economy would be best served if litigation was facilitated in the appropriate forum. *Kohl,* 78 F. Supp. 2d at 888. "If the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding the action and its pretrial procedures will be wasted." *U.S. Bank,* 2002 WL 31114069 at *2.

This Court, like the district court in *Kohl*, should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." *Rivers,* 980 F. Supp. at 1360. Moreover, this Court should abstain from scheduling additional status conferences and/or issuing additional discovery orders because "any

efforts on behalf of this Court concerning case management will most likely have to by replicated by the judge that is assigned to handle the consolidated litigation." *Id.* Furthermore, to avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this matter and other actions should proceed in an orderly, coordinated fashion, as directed by the single court selected by the Judicial Panel. Accordingly, a stay in this case is appropriate as it will further the just and efficient conduct of this litigation.

**B.    The Balance of Equities Weighs Heavily in Favor of a Stay as Plaintiffs Will Suffer No Prejudice, While Defendants Will Suffer Undue Hardship Absent a Stay**

In addition to the waste of judicial resources inherent in proceeding with this matter prior to a ruling by the Judicial Panel, the balance of the parties' hardships strongly favors a stay. In *Moore v. Wyeth-Ayerst Laboratories,* a patient who took a prescription diet drug brought a products liability action against the drug manufacturer.    *Moore,* 236 F.Supp.2d at 511. The court in that case held that the potential prejudice to the drug manufacturer warranted a stay of proceedings pending the decision of Judicial Panel for transfer and consolidation. *Id.* Specifically, the court held that "[c]entralization is...necessary in order to eliminate duplicative discovery, prevent inconsistent or repetitive pretrial rulings...and conserve the resources of the parties, their counsel, and the judiciary." *Id.*

Defendants in the present action would be substantially prejudiced by duplicative discovery and motion practice if a stay is not put in place. *American Seafood*, 1992 WL 102762 at *2 (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay"). Without a stay, Defendants may continue to be served with discovery requests, deposition notices and various motions resulting in duplicative and costly responses and replies being prepared multiple

times in different jurisdictions.  This burden is a clear, definable hardship weighing in favor of staying this action until the MDL Panel renders its decision.

A stay will not, however, unduly prejudice the Plaintiff in this matter.  In *Republic of Venezuela v. Philip Morris Companies, Inc., et. al.,* The Republic of Venezuela sought damages from the defendants due to, *inter alia,* costs allegedly incurred as a result of paying for "medical care, facilities, and services" for Venezuelan residents injured as a result of the use of tobacco. *Republic of Venezuela* 1999 WL 33911677, *1.  The Court in granting Defendant's motion to stay held that "upon consideration of what effect a brief stay may have on [Plaintiff], the Court finds that Plaintiff will not be prejudiced by the granting of a stay pending the JPML's decision." *Id.*

Here, there has been no discovery in the case at bar or any of the pending actions.  Since all the actions are in the beginning stages of litigation, no prejudice or inconvenience will result from transfer, coordination and/or consolidation.  Any slight delay that Plaintiffs may experience in this case will be minimal and the prejudice to Defendants would far outstrip any harm to Plaintiff.  *See Arthur-Magna*, 1991 WL 13725 at *1 (noting that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay).  Indeed, if the Judicial Panel consolidates the cases into an MDL, all of the parties - including the Plaintiff here - will benefit through increased efficiency and coordinated pretrial case management.  Further, Defendants are not asking this Court to stay the proceedings indefinitely.  The JPML panel has heard the MDL motions on May 31, 2007 and should issue its decision shortly.  *See* Exhibit "D." Defendants are only asking the Court to issue a stay pending the transfer decision by the Judicial Panel.  As such, any potential delay is outweighed by the potential efficiencies available in a

coordinated MDL proceeding. Therefore, the benefits of staying this proceeding far outweigh any minimal inconvenience to the Plaintiff. Thus, the granting of a stay is necessary and appropriate.

## IV. CONCLUSION

For all of the foregoing reasons, it is appropriate for this Court to exercise its sound discretion to stay these proceedings pending the decision of the Judicial Panel. A stay would further the interests of judicial economy, and promote just and efficient conduct of this litigation, while denying a stay would unnecessarily waste the efforts and resources of this Court and all parties. Without the stay, Defendants will suffer undue hardship and inequity, and the purpose for coordination and consolidation pursuant to 28 U.S.C. § 1407 will be undermined.

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order staying further proceedings, including but not limited to Defendants' obligation to file responsive pleadings, in this matter pending the transfer decision by the Judicial Panel.

By:    /s/ Lynn E. Bell, Esquire
       Davies McFarland & Carroll, P.C.
       One Gateway Center; 10th Floor
       Pittsburgh, PA  15222
       (412) 281-0737
       lbell@dmcpc.com
       PA I.D. #38588
       Attorney for MENU FOODS INCOME
       FUND, MENU FOODS, INC., MENU
       FOODS  MIDWEST  CORPORATION,
       MENU FOODS SOUTH DAKOTA, INC.,
       MENU FOODS HOLDINGS, INC.,
       Five of the Defendants

## <u>CERTIFICATE OF SERVICE</u>

       I, the undersigned, hereby certify that I served the foregoing document to all counsel of record in the following manner on the 31st day of May, 2007:

| | |
|---|---|
| Via Facsimile | _____ |
| Via Hand Delivery | _____ |
| Via First Class U.S. Mail | X_____ |
| Via Overnight Mail | _____ |
| ECF Filing | X_____ |

Joseph S. Bellissimo, Esquire           Attorney for Plaintiff
Bellissimo & Pierce
P.O. Box 444
324 Sims Avenue
Ellwood City, PA  16117

Robert N. Peirce, III, Esquire           Attorney for Plaintiff
Robert Peirce & Associates, P.C.
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

                                    Attorney for Wal-Mart Stores, Inc. d/b/a
                                    Wal-Mart Super Center Store No. 2287

By:    /s/ Lynn E. Bell, Esquire_____
        Davies McFarland & Carroll, P.C.
        One Gateway Center; 10th Floor
        Pittsburgh, PA  15222
        (412) 281-0737
        lbell@dmcpc.com
        PA I.D. #38588
        Attorney for MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS HOLDINGS, INC.,
        Five of the Defendants

{D0270729:1}