**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **IN RE PET FOOD** | ) | |
| **PRODUCTS LIABILITY LITIGATION** | ) | **MDL Docket No.  1850** |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR COORDINATED PRE-TRIAL**
**PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 7.1(a) of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation, Defendants, Menu Foods Holdings, Inc., Menu Foods South

Dakota, Inc., Menu Foods, Inc., Menu Foods Midwest Corporation Menu Foods GenPar Limited,

Menu Foods Investments, Ltd., Menu Foods Acquisition, Inc., 3036241 Nova Scotia Company,

Retex Management Associates Limited, Menu Foods Corporation, Menu Foods Limited,

1446431 Ontario Limited, 1446432 Ontario Limited, ("hereinafter Menu Foods"), respectfully

move the Judicial Panel on Multidistrict Litigation (the "Panel") for an order transferring and

consolidating or  coordinating all cases involving alleged injuries to animals currently pending in

Dockets.Justia.com

federal courts and any subsequently filed or "tag along" actions to the United States District

Court for the Northern District of Illinois, Eastern Division. In further support of its motion,

Defendants hereby state as follows:

1.      Currently, there are at least sixty (60) class action lawsuits filed on behalf of pet

owners whose dogs or cats allegedly became ill after consuming pet food manufactured by Menu

Foods.  Defendants anticipate that many more class action lawsuits will be filed by the time the

Panel hears the parties' motions to transfer for consolidation or coordination as the Menu Foods

pet recall is the largest recall in United States history and has received extensive media coverage.

2.      The parties agree that the requirements for transfer for consolidation or

coordination set forth in 28 U.S.C. § 1407 are met and that transfer will ensure the just and

efficient conduct of this litigation.

3.      Defendants believe that transfer is necessary in order to avoid conflicting pretrial

rulings particularly relating to class certification.

4.      The Northern District of Illinois is the most appropriate forum for this litigation

because: (1) this court is the most centrally located district court as cases are filed from coast to

coast; (2) the court is located in a major metropolitan city and is easily accessible through two

large airports including one international airport; (3) the court is geographically close to, and

easily accessible from both airports through Chicago's rail system; (4) the court possesses

seasoned judges with considerable MDL experience; and (5) the court possesses the necessary

technological and logistical resources, familiarity with large scale MDL proceedings, and

experienced judges and courtroom staff.

5.      Defendants believe that these cases shall be assigned to the Honorable Judge

Wayne R. Anderson, who is currently assigned to one of the first filed cases, *Majerczyk v. Menu*

*Foods*, case number 1:07-cv-05143, which was filed on March 20, 2007.

WHEREFORE, Defendants respectfully request that the Panel enter an order transferring the Pet Food Product Liability Lawsuits, as well as any similar or related actions that might later be filed, to the United States District Court for the Norther District of Illinois, Eastern Division.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

By:_____
    Edward B. Ruff, III

Counsel for Menu Foods

Edward B. Ruff, III
Pretzel & Stouffer, Chartered
1 South Wacker Drive, Suite 2500
Chicago, Illinois 60606

David L. Lillehaug
Fredrickson & Byron, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, Minnesota 55402-1425